Martin, J.
delivered the opinion of the court. The petition states that the plaintiff, being jn need, applied to Blanque, who loaned he/ the sum of one thousand dollars, and she, beina: vvil-ling to secure him by a mortgage of three slaves, w^om she possessed, he availed himself of her necessitous situation, of the influence he posses-1 sed over her, and the confidence which he enjoyed as her brother-in-law, and induced her to exe-cut'e an absolute bill of sale, instead of a mort-grag-t;—that two of the said slaves were then hir- ° ° ed to the wife, now widow of said Blanque, in ¶ , . • , whose possession they have ever since remained; and the other was then, and has ever since been i'1 ^’,e possession of the plaintiff'—that the said Blanque. ever after continued by fair promises to 1 # ; * avoid a settlement with the plaintiff, as well for the hire that was due her for the said slaves^ ^ur’nS a long period before the loan and ever sjnce, as for other sums, in which he became indebted to her, and died insolvent, before any . . ¶ settlement could be obtained from him. 1 he petition concluded that the defendants may come to settlement, and on receiving the balance, if any be due, be for ever enjoined, &c.
Annexed to the petition, were two notes from ' Blanque to the plaintiff, posterior to the date of the instrument, by which he begged the use or hire of the slave, who remained with the plain *579 tiff", and a note of L. B. Macarty, a brother in-law of Blanque’s, and concerned with him in a plantation, conveying an intimation that his father, Blanque’s father-in law, desired to purchase the same slave, desiring to know his price, &c.
The case was submitted to a jury, who found specially, that the bill of sale was not fraudulent, but a security for the loan—that the slaves were worth double the sum loaned—that one of the slaves continued to remain with the plaintiff without any claim being made to him by Blanque— that he was at times hired out by the Chevalier Macarty, father in-law to Blanque, to work on an estate in which he and Blanque were jointly concerned, and the Chevalier’s son, applied in his father’s name to the plaintiff, for the purchase of the slave, offering $ 1200—that Blanque accounted with the plaintiff for the hire of the three slaves, including the one hired for the plantation. That four years after the date of the sale, Blan-que exhibited an account against the plaintiff, in which he made no charge, for the hire of the slave sold, which remained with the plaintiff, and on the same day, she rendered an account to Blanque, which she receipted, in which she charged him with E848.50 for the hire of the said negroes, to which he made no objection.
There was judgment, that on the plaintiff pay *580 ing to the defendant the sum loaned, with inter* est, the act of sale be cancelled.
The defendants appealed, there was neither statement of facts, nor any certificate of the whole evidence being on the record.
But it appeared, by a bill of exceptions that, at the trial, the plaintiff’s counsel offered witneses to prove the meaning of the parties, when the bill of sale was made, the defendants objected to any witness being introduced except to prove fraud, and the court overruled the objection.
The record shews that, after the verdict, the defendants moved for a new trial.
1. Because the verdict was contrary to law.
2 Because, no evidence could be admitted, except as it tended to shew the fraud alledged, and as the evidence produced tended only to shew the intention of the parties, at the time of the contract, it was admitted in direct violation, of the law.
The counsel, afterwards, withdrew the motion as it was his intention to appeal.
Thefacts being especially found by the jury, and, the judgment of the court correctly given thereon, we have only to enquire, whether the court erred, in suffering the witnesses excepted to, to be sworn, and all the facts, on this point, must be taken from the bill of exc; ptions.
The defendants’ counsel, according to his own *581 shewing, did-not oppose the introduction of anv ° 1 ' witness to prove the fraud alledged ; the plaintiff’s counsel only prayed, that witnesses might be heard to prove the intention of the parties, in executing the deed. Now, no fraud could be proven against Blanque, according to the allegations of the petition, which charge fraud only in refusing to give a defeasance or counter letter, without shewing the intention of the parties, at the time of the execution of the deed. If the plaintiff prayed to prove that intention by witnesses, and the defendants consented that the fraud al-ledged might be proved by witnesses, they agreed to what the plaintiff proposed, and the judge could not reject evidence of the intention of the parties, without rejecting evidence of the fraud, which both parties were content should be produced : we are, therefore of opinion, that he did not err in this respect.
But, it is contended, that the finding of the jury, that there was no fraud intended by Blanque in taking the bill of sale, alters the question, and since it is apparent that no fraud did exist, the testimony was improperly admitted.
In testing the correctness of the judge’s conduct in admitting the evidence, we are to examine the question, as it stood, when he gave his opinion. Both parties agreed to the same proposition, tho’ in a different manner : the defendants agreed tha *582 witnesses should be examined to prove the ... 1 fraud—the plaintiff, in order to prove the fraud, sought to establish the sine qua non, viz : that the parties meant not to have a sale, but a mortgage executed.
Whether, after the jury found there was no fraud, there ought not to have been a new trial granted, or whether before the verdict, the jury ought to have been charged, that if no fraud was practised to obtain a bill of sale, a part of the said testimony ought to have been rejected, is not a proper subject for our enquiry. For the motion for a new trial was withdrawn, and none appears to have been made for the judge’s direction to the jury. Our attention must be confined to the bill of exceptions, taken on the admission of the parol testimony ; for we are bound by the special verdict, and if we were not, we find that the jury had before them written evidence to support their finding, viz : that resulting from the low price, mentioned as the consideration'—'the account of the insolvent in which, no hire was charged for the slave whom the plaintiff retained, and the account of the plaintiff, in which the insolvent was charged several hundred dollars, for the hire of the negroes he held, and finally, the note of the insolvent, in which one of the slaves mentioned, in the bill of sale, is onsidered as still the proDerty of the plaintiff
Smith for the plaintiff, Ellery for the defendants.
We are of opinion, that the defendants, having consented to the introduction of parol testimony to prove the fraud, cannot complain that the judge allowed such testimony to go to the jury, and that the parties contemplated no transfer of property, but only the security of the defendants’ insolvent in the loan he was about to make.
It is therefore, ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.