Martin, J.
delivered the opinion of the court. The petition states that these defendants are the plaintiff’s slaves, and obtained a writ of Habeas corpus from the president of the criminal court, on which they were discharged, that the proceedings therein are erroneous in law and in fact.
The answer avers the freedom of the defendants and there is a plea of presumption.
There was judgment for the defendants and the plaintiff appealed.
There comes up with the record, a number of depositions and several bills of exceptions, no part of which it appears necessary to examine. The defendants claim their freedom, under a deed of emancipation from the plaintiff. Liberœ vel non, is the only issue which can exist between the parties. If they be slaves, they cannot contest the plaintiff’s title to them. They have no capacity to stand in judgment for any other purpose than to establish or defend their claim to freedom. Trudeau’s ex’tor vs. Robinette. 4 Martin, 580.
*150 The act of emancipation introduced by the defendants is dated St. Jago de Cuba, May 24, 1805, and purports that the plaintiff “ desirous of acknowledging the signal services of Gertrude, a Congo negro woman, aged 44 years, on several occasions, gives freedom to her and her child Rose, aged 16 1-2 years, to be fully enjoyed without any trouble : promising in due time and place, to comply with the formalities, which the law requires.”
The parish court " considering that the plaintiff, by sending the act of freedom, which he had directed to be passed in the island of Cuba, in behalf of the defendants, in order that it might be deposited here with a notary public, to make it valid, as well by his long silence thereon afterwards, as by his subsequent conduct with regard to the defendant Rose, and her free baptized children, until lately, when he thought he had good reason to complain of her, had thereby completed and confirmed his act of freedom (which, in the opinion of the parish court, on the circumstances of this case, the favorable application of the law must protect,”) gave judgment for the defendants.
In the correct decision of this case, it is all important to decide whether the defendant Rose, acquired her freedom in St. Jago de *151 Cuba, by the execution of the deed which the plaintiff has caused to be recorded here. It is not pretended that she had any claim to freedom when she left the island of Cuba, exclusively of the contents of this deed. For, if she arrived here a slave, she must still be considered as such, unless she has been emancipated according to the laws of this state, and this is neither alleged nor proven.
The Partida 4, 22, 1, requires that, where emancipation takes place in writing, it be done before five witnesses. Es menester, que quando lo afforase per carta, o ante sus amigos, que lo faga ante cinco testigos. Gregorio Lopez, in his commentary on this law, says this solemnity has been held unnecessary; but the writer does not quote or allege any law in support of the assertion, and Lopez concludes that it is : non allegat legem quœ suum dictum probet, unde servanda est isla lex quœ vult hoc esse necessavium. The grantor, in executing this deed, knew his right was not thereby destroyed ; since he promised to fulfil the formalities, the sine quœ, non, which the law required. It therefore results, that the execution of this writing or deed did not render the defendants free. Nothing shows that any thing did happen in Cuba, by which the defect of the deed was cured.
*152 If these defendants were slaves on their leaving Cuba, they were so at their landing in this state. Here, the law requires certain formalities for the acquisition of freedom, none of which are pretended to have been fulfilled. Is the record of the deed, in the office of a notary, an act under which the defendants may claim their freedom ? We think not. It is contended that the admission of the plaintiff, that he executed the deed makes full proof against him, and that the Spanish law requires the presence of witnesses to protect the grantor against the perjury of a single witness. The laws of most countries require formalities or ceremonies to attend the execution of certain contracts : and although these formalities and ceremonies generally, perhaps universally, tend to secure a stronger evidence of the contract, this is not perhaps the only object. In the case of an emancipation delante sus amigos, in the presence of friends and before five witnesses without writing, spoken of in the partida cited, the required presence of five witnesses might not always protect against the perjury of a single witness. For the emancipation would be proven, if he deposed it took place before him and four witnesses, dead since. The presence of a magistrate, the attendance of an unusual num *153 ber of witnesses, the affixing of a seal, are all circumstances which, besides securing more evidence, are attended with this particular advantage ; they make a strong impression on the mind of the party, excite reflection in him upon the subject he is engaged in ; they ordinarily require time and, consequently, afford an interval for thought and awake apprehension, and are no contemptible guards against circumvention, fraud and surprise. 1 Haywood, 203. Farther, the deed itself shews that the grantor did not intend to destroy, ipso facto, his right on the defendant Rose : he knew what he then did, had no such effect : for he agreed, at a future time, to comply with the formalities which the law required. What he did must then be considered, notwithstanding the words in the first part of the deed, as a manifestation of his intention to free the defendant Rose and her child, at a future day. His subsequent conduct, till the record of the deed in the notary’s office, shews that such was his apprehension.
Is the case altered by this record ? We think not. If the plaintiff held legally the defendants as his slaves, when they landed in Louisiana, they must have remained so, unless *154 emancipated according to our laws ; and this is not pretended to have been done.
De la Chaise for the plaintiff, Carleton for the defendants.
It is urged that the emancipation of the defendants is res judicata, having been pronounced by a judge, on the return of an habeas corpus, contradictorily with the present plaintiff. The judge, who issued the writ, was without jurisdiction in a civil case. He could not, finally decide the question of property, though he might accidentally consider it. It would be strange, if without a jury, without a right of appeal, a citizen of this state could be deprived of all his slaves by the parish judge, or by a justice of the peace, who might give judgment against him, on an action for work and labour done.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that the defendant Rose and her child, be decreed to be the slaves of the plaintiff.