EASTERN DIST.
February, 1836.

BERARD, f. w. c.
vs.
BERARD ET AL.
f. p. c.

=====

BERARD, f. w. c. vs. BERARD ET AL. f. p. c.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A slave cannot stand in judgment for any other purpose than to assert his freedom. He is not even allowed to contest the title of the person claiming him as a slave.

This is an action in which the plaintiff claims her freedom and that of her children. She alleges she was born free, in the Island of St. Domingo, which place she left under the care of Marie Jeane Berard, her aunt, and came to New-Orleans, with whom and Marie Louise Berard, her sister, she lived for a long time, and until the death of the former, in 1814. She alleges she took care of Marie Jeane until she died, and gave both sisters (her aunts) her services as one of the family. That after the decease of Marie Jeane, she continued, from affection and kind treatment, to live with her surviving aunt, the present defendant, and placed herself under her protection, and contributed by her labor to the support of them all. She alleges that the defendant, Marie Louise, has conceived the idea of making her and her five children slaves; wherefore, she prays that she and her children be decreed their freedom, and damages for their detention in slavery.

The defendant, Marie Louise, avers she never claimed the plaintiffs as slaves, but that they were the property and slaves of her deceased sister, Marie Jeane, and have descended to her

natural children and legal heirs, Celina and Antoine Garidel, who are the true and lawful owners of the plaintiffs. She prays to be dismissed, with her costs.

BERARD, f. w. c.
vs.
BERARD ET AL.
f. p. c.

C. and A. Garidel, f. p. c. intervened and claimed the plaintiffs as their slaves, in right of their deceased mother, Marie Jeane Berard.

The plaintiff pleaded a general denial to the petition of intervention; denied the plaintiffs capacity to sue, being minors, and avers that the intervention is illegal, and should be dismissed.

Upon these issues and pleadings, the parties went to trial.

In the progress of the case, the plaintiffs requested the court to charge the jury, that the intervenors were bound to prove the allegation in their petition, which the judge presiding refused, and a bill of exceptions was taken.

The judge charged that it was incumbent on the plaintiffs to prove that they were entitled to their freedom, and if they failed to do so, they could not recover.

On hearing all the testimony, the jury returned a verdict in favor of the intervenors, and that the plaintiffs were slaves. From judgment rendered on this verdict, the plaintiffs appealed.

*Buchanan,* for plaintiffs.

1. The intervening parties were bound to make proof of their claim to the services of plaintiff and her children. The *onus probandi* lay upon them, they having alleged a claim. The court below erred in its charge. See *Code of Practice, art.* 392 *and* 394.

2. Parol evidence was improperly admitted to establish a title to slaves.

*Denis,* contra.

*Martin, J.,* delivered the opinion of the court.

The plaintiff is a person of color, and sues her aunt, Marie Louise Berard, for the purpose of establishing her and her children's claim to their freedom. The defendant disavowed

EASTERN DIST.
February, 1836.

BERARD, f. w. c.
vs.
BERARD ET AL.
f. p. c.

any title to the plaintiff, but averred she belonged to her late sister, Maria Jeane Berard, and that she descended to her sister's natural children and legal heirs, Celina and Antoine Garidel. These heirs intervened and claimed the plaintiff and her children as their property, in right of their deceased mother.

The cause was tried by a jury, who found a verdict for the intervening party, and from judgment rendered thereon, the plaintiff appealed.

During the progress of the trial, the court instructed the jury that the intervenors were not bound to show their title. The plaintiff's counsel took a bill of exceptions to the opinion of the court.

On a full consideration of the case, this court is of opinion that the instruction given to the jury by the District Judge, was correct. A slave cannot stand in judgment for any other purpose than to assert his freedom. He is not even allowed to contest the title of the person holding or claiming him as a slave.

On the merits, it was urged that the evidence of freedom resulted from the treatment of the plaintiff by the defendant, for a series of years, as a free person of color, and from which fact it was contended, she was considered free and a relation of the defendant, living in the family of the latter as a companion of the intervening parties, as their cousin, and not as their slave.

The jury, on hearing all the evidence adduced on the trial, came to the conclusion that the plaintiff failed to establish her freedom, and returned a verdict in favor of the claim of the intervenors. The district judge who tried the case, approved of the verdict; and this court cannot perceive any reason sufficient to authorise an interference therewith.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*A slave cannot stand in judgment for any other purpose than to assert his freedom. He is not even allowed to contest the title of the person claiming him as a slave.*