Bullard, J.
The plaintiff claims his freedom, on the ground that he was carried by his master from the United States into Texas, at that time one of the States of the Mexican confederation, where slavery, as he alleges, was not tolerated by the constitution and laws at that time in force. He is appellant from a judgment against him, rejecting his pretensions. The only part of the “ constitution and laws” which have been furnished us, is the constitution of the State of Coahuila y Tejas, which appears to have been adopted on the 11th of March, 1827. The 13th article contains the following disposition: '■'•Bn el estado nadie nace esclavo desde que se publique esta constitución en la cabecera de cada partido, y después de seis meses tampoco se per-mite su introducción bajo ningún pretesto.”
*187 This article of the constitution of that State by no means declares that slavery shall no longer exist, but provides, on the contrary, for its gradual extinguishment, by declaring the children born of slave mothers, after the publication of the constitution, to be absolutely free, and prohibiting the further introduction of slaves from abroad six months thereafter. It is clear, that such slaves as existed in that State previous to the establishment of the consitution, did not thereby become free.
But even admitting that such persons as were introduced after-wards in violation of that prohibitory clause in the constitution, became ipso facto free, the evidence in this case is quite vague, as to the time at which the plaintiff was carried to Texas. The only witness who testifies upon that point says, that he (the witness,) resided in Texas from 1822 to 1828, during the whole of which time that State formed an integral portion of the Mexican Republic ; that he knows the plaintiff, and recollects having hired him of Prior to aid him in clearing some land, in the neighborhood-of St. Philip de Austin, about the pear 1S26 ; that he was in his employ for two or three weeks ; and that he saw him frequently during the ten or twelve months afterwards. Prior called himself his master.
Thus it appears that the plaintiff was in Texas, with his master, before the adoption of the constitution, and could not consequently have acquired his freedom by being introduced after-wards. Indeed, there is no evidence of his having been carried to Texas, after the spring of 1827.
The counsel for the appellant contends, that the court erred in giving judgment for the defendant, without proof that he had any title to the plaintiff as his slave, but with evidence, on the contrary, that if a slave at all, which is denied, he belongs to one Roberts.
The plaintiff has no capacity to contest the title of the defendant. The only question properly presented by the pleadings, or which could be presented, was liber vel non. Slaves are incapable of appearing for any other purpose. 4 Mart. 577. 8 Ib. 158. 9 La. 158.,

Judgment affirmed.